The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Under the Oklahoma Statutes, do the boards of regents of the six junior colleges have the duty to recognize professional organizations for the purpose of negotiations with the employees of the colleges? "2. Do the employees have the statutory power to form such a professional organization for the purpose of entering into negotiations with the governing boards of those colleges ? "3. If the employees do not have express authority under the statutes to form such a professional organization, do the statutes contain a prohibition to formation of such an entity on the part of the college employees for the purpose of negotiating with the regents of those colleges?" The six junior colleges to which you make reference in your questions are Tulsa Community College, El Reno Junior College, Carl Albert Junior College, Seminole Junior College, Oscar Rose Junior College and South Oklahoma City Junior College. By statute passed in 1973 and now codified as 70 O.S. 4420 [70-4420] (1973), Tulsa Community College was authorized to constitute itself as an area school district for vocational and/or technical education offering "programs in post-secondary vocational and/or technical and/or adult education." The same act which authorized the establishment of the "Tulsa Community College Area School District" also created the "Tulsa County Area Vocational-Technical School District." 70 O.S. 4419 [70-4419](A) (1973). The Tulsa County Area Vo-Tech School District was prohibited by law from offering "programs in post-secondary vocational and/or technical education." Thus, two area school districts with separately defined missions were created. The Tulsa County Area School District was to provide secondary vocational/technical education, and the Tulsa Community College Area School District was to provide post-secondary vocational/technical education. A separate act, also passed in 1973, created the other five junior colleges and permitted them to organize as area vo-tech school districts offering programs in post-secondary education, 70 O.S. 4423 [70-4423] (1973). The governing boards of these junior colleges was granted "the same powers and duties as the Board of Regents of Tulsa Junior College." All five of the junior colleges created pursuant to 70 O.S. 4423 [70-4423] were expressly made part of the Oklahoma State System of Higher Education. 70 O.S. 4423 [70-4423](B), supra; Art. 13A, Oklahoma Constitution. At least two of the junior colleges, Oscar Rose and South Oklahoma City, were specifically authorized to continue offering programs in post-secondary technical education in accordance with 70 O.S. 4410 [70-4410] (1971), which states: "Any community maintaining a community junior college as provided by Chapter 100, O.S.L. 1967 (70 O.S. 4401 [70-4401] — 70 O.S. 4409 [70-4409] (1967)), in which courses in vocational and/or technical education are to be offered, and meeting the published standards and criteria prescribed by law and/or the State Board for Vocational Education for establishing an area school district may, by resolution adopted by the Board of Trustees of the college, become an area school district; and laws applicable to other area school districts, including laws authorizing tax levies and laws pertaining to eligibility for participation in federal funds, shall be applicable to such district, except that in lieu of a board of education its governing board shall be the Board of Trustees of the community junior college; provided that the provision above shall also be applicable to all community and municipal junior colleges now in existence in Oklahoma." Emphasis added All of the foregoing junior colleges, including Tulsa Community Junior College, are at the same time area school districts and institutions of higher education within the State System of Higher Education. The first question presents, by implication, the possible application of 70 O.S. 509.2 [70-509.2] (1978), which states in pertinent part: "The local board of education shall recognize a professional organization that secures authorization signed by a majority of the professional educators designating said organization as their representative for negotiations." It appears that community and municipal junior colleges generally and these six junior colleges specifically were permitted by the legislature to organize as area school districts for primarily financial support purposes. It should be remembered that when 70 O.S. 4410 [70-4410] was enacted and these six junior colleges created there was no law comparable to 70 O.S. 509.2 [70-509.2]. Also prior to the enactment of 70 O.S. 509.2 [70-509.2], these six junior colleges and all other junior colleges in the state by express grant or mandate from the Legislature became part of the State System of Higher Education. The Constitution of the State of Oklahoma establishes a "system of free public schools" (Article XIII, Section 1) and a State System of Higher Education (Article XIIIA, Section 1). The governance of public schools are entrusted to various boards of education. The governance of the Oklahoma State System of Higher Education is constitutionally vested in the Oklahoma State Regents for Higher Education and in turn specific government of individual institutions is controlled by individual constitutional and statutory boards of regents and boards of trustees. There was no apparent intent on the part of the Legislature to include within the scope of 70 O.S. 509.2 [70-509.2] (1978). institutions which were a part of the State System of Higher Education notwithstanding the fact some of those institutions continued to be area school districts for purposes of financial support. This conclusion is further supported by the express statutory limitation of junior college area school districts to post-secondary technical education and by the express inclusion of all community junior colleges in the State System of Higher Education. In answer to your first question, therefore, the boards of regents of the identified junior colleges are not required by statute to recognize professional organizations for the purpose of negotiations or required by 70 O.S. 509.2 [70-509.2] (1978), despite their also being area school districts. In response to your second and third questions, there is no statutory authority permitting the formation of a professional organization for the purpose of entering into negotiations with the governing boards of these colleges. Statutory authorization is not believed necessary as a prerequisite to the formation of such an organization. Nor is statutory authorization necessary to permit the boards of regents of these junior colleges to enter into negotiations with such organizations should they so choose in the exercise of their discretion. Article II, Section 3, of the Oklahoma Constitution affirms the inherent right of Oklahomans: ". . . peaceably to assemble for their own good and to apply to those invested with the powers of the government for redress of grievances by petition, address or remonstrance." This office has recently held that public employees may form an association and employ through the association a professional lobbyist, subject to some limitations not applicable here. Att'y Gen. Op. No. 79-279. Statutory authority is not necessary to form a professional organization. Boards of regents have the authority to recognize such an organization as a bargaining representative for its membership. However, absent a mandatory statutory directive, boards of regents are not required to recognize any professional organization as a negotiating representative for its membership or employees of the college. Therefore, it is the official opinion of the Attorney General that: 1. The Oklahoma statutes do not require the board of regents of any junior college which is also an area school district to recognize a professional organization for the purpose of negotiations with employees of the college. 2. Nothing in the law of the State of Oklahoma prohibits the formation of a professional organization or its recognition as the negotiating representative for employees of a community junior college which is also an area school district, but the board of regents of any such community junior college is not required by law to recognize any such professional organization. (JOHN F. PERCIVAL) (ksg)